IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD VILLAR,**

    **Petitioner,**

**v.**                                                             **Civil Action No. 5:19cv207**
                                                                        **(Judge Stamp)**

**FCI GILMER, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 1, 2019, Richard Villar, *pro se* Petitioner, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, seeking an emergency recalculation of good conduct time under the First Step Act. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. THE PETITION

Petitioner indicates that he was convicted of Bank Robbery/Conspiracy of Bank Robbery in the United States District Court for the District of New Hampshire following a jury trial. He further indicates that he was sentenced to an aggregate term of 188 months on January 22, 2008, to be followed by three years of supervised release. Petitioner is seeking access to good conduct time under the First Step Act which became effective in July of 2019. Specifically, Petitioner requests that this Court direct the Bureau of Prisons to recalculate his good time credit and file his halfway house paperwork with the new release date so he will not spend extra time in prison.

### III.  LEGAL STANDARDS

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### IV. ANALYSIS

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies.  Therefore, a case becomes moot when there is no viable legal issue left to resolve.  See Powell v. McCormick, 395 U.S. 486, 496 (1969).  If developments occur during a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot.  Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996).

When Petitioner filed his habeas petition, the BOP inmate locater indicated that his projected release date was October 27, 2020. It has now been updated to reflect a release date of July 22, 2020. Accordingly, Petitioner's good conduct time has been recalculated pursuant to the First Step ACT, and the relief that he was requesting has been granted without court intervention.  Therefore, this case is now moot.

## VI. <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned recommends that this petition be **DISMISSED AS MOOT.** It is further recommended that Petitioner's motion for Leave to Proceed *in forma pauperis* [ECF No. 2] and Motion to Send Copies of the Pleadings to Judge Stamp Electronically [ECF No. 6] be **DENIED AS MOOT.**

Petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  October 16, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE